933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Allen WALTON, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Robert Brown, Jr.,
Individually and in his capacity as Deputy Director in
Charge of Bureau of Correctional Facilities for the Michigan
Department of Corrections, James J. Blanchard, Individually
and in his capacity as Governor of the State of Michigan,
United States of America, Christopher S. Boyd, Prosecuting
Attorney for the County of Saginaw, Defendants-Appellees.
 No. 91-1192.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Allen Walton, a Canadian citizen and Michigan prisoner, appeals the district court's order and judgment dismissing without prejudice his civil rights action filed under 42 U.S.C. Secs. 1981, 1983, and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Walton sued individually and severally the governor of Michigan, the Michigan Department of Corrections (MDOC), the deputy director of the MDOC, the prosecutor of Saginaw County, and the United States of America. Walton, who is serving a life sentence in Michigan for conviction on two counts of first degree murder, alleged that the defendants conspired and acted to deprive him of his rights under the fourteenth amendment when they denied his request for transfer to Canadian custody pursuant to the "Treaty Between Canada and the United States of America on the Execution of Penal Sentences." See 30 U.S.T. 6265, T.I.A.S. No. 9552 (March 2, 1977). He further alleged that a Michigan statute and MDOC policy are inconsistent with the treaty and should be struck down pursuant to Article 6, Clause 2 of the Constitution.
 
 
 3
 A magistrate issued a report on May 7, 1990, recommending that the case be dismissed without prejudice because habeas corpus, rather than Sec. 1983, was the appropriate remedy in Walton's case. Following timely objections by Walton, the magistrate issued a supplemental report and recommendation. He reiterated his recommendation and noted that, although Walton's request for damages is appropriate for a Sec. 1983 action, success on that claim is contingent upon the validity of the habeas issue, which must be resolved first. Walton again timely objected.
 
 
 4
 The district court, in its order filed November 19, 1990, approved and adopted the magistrate's recommendation. It agreed that Walton's claim is "first and foremost a habeas corpus action," which must be dismissed for failure to exhaust state remedies, and that the Sec. 1983 issues are dependant upon a favorable resolution of the underlying habeas issue. Accordingly, the district court dismissed Walton's complaint in its entirety without prejudice. Walton's motion to alter, amend, reconsider, and/or vacate was denied in an order filed December 14, 1990.
 
 
 5
 On appeal, Walton continues to argue the merits of his complaint and also argues that consideration of the merits may properly be undertaken pursuant to a civil rights action. Walton is represented by counsel in this appeal. Appellees have indicated that they will not be filing a brief.
 
 
 6
 Upon review, we affirm the district court's judgment because Walton's complaint is essentially a challenge to the legality of his continued custody by the State of Michigan in alleged violation of a treaty of the United States and must, therefore, be brought in a petition for a writ of habeas corpus. See 28 U.S.C. Sec. 2254(a); Preiser v. Rodriquez, 411 U.S. 475, 484 (1973).
 
 
 7
 Further, Walton should not be excused from the requirement that he exhaust state remedies merely because a federal treaty is involved. See 28 U.S.C. Sec. 2254(b). Here, where there is a direct challenge to Michigan law and Michigan policy, it is particularly appropriate to allow the Michigan courts to have the first opportunity to comment on the challenge.
 
 
 8
 Accordingly, this court need not consider the merits of Walton's complaint at this time. The district court's judgment, dismissing without prejudice Walton's civil rights complaint with instructions to proceed in habeas corpus after first exhausting available state remedies, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.